Gloria ONTIVEROS–VELASQUEZ,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 01–70272.
I & NS No. A70–175–445.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2002.

Decided April 10, 2002.

Before FERNANDEZ and
RAWLINSON, Circuit Judges, and
SHEA,* District Judge.

MEMORANDUM**

Gloria Ontiveros–Velasquez ("Ontiveros–Velasquez"), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which reversed the decision of the Immigration Judge ("IJ"), granting her application for suspension of deportation. The BIA reversed the IJ, finding that Ms. Ontiveros–Velasquez was statutorily ineligible for suspension of deportation under 8 U.S.C. § 1182(a)(6)(E)(i). We deny the petition for review.

The BIA held that Ontiveros–Velasquez' admission on the record that in 1991, she paid gas money to have another adult bring her three-year old child into the United States qualified as alien smuggling. Under the statute, an immigrant is precluded from having good moral character if the alien "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of law." 8 U.S.C. § 1182(a)(6)(E)(i). Given this admission, the BIA held that Ontiveros–Velasquez could not establish the good moral charac-

---

* The Honorable Edward F. Shea, District Judge for the Eastern District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ter required to be eligible for suspension of deportation. *See* 8 U.S.C. § 1229b(b).

Ontiveros–Velasquez argues that a child of tender years cannot be a principal perpetrator of a crime, and thus she cannot be subject to criminal liability for having aided or abetted the child's entry. This argument is inapposite, because the alien's capacity is irrelevant to the inquiry of whether a person has aided and abetted the entry. *See, e.g.,* 8 U.S.C. § 1324(a)(1)(A) (alien's intent irrelevant) *Khourassany v. I.N.S.,* 208 F.3d 1096, 1101 (9th Cir.2000) (payment to a smuggler within the scope of section 1182(a)(6)(E)). Further, Ontiveros–Velasquez does not qualify for the statutory exception under 8 U.S.C. § 1182(a)(6)(E)(ii) (exception for spouse or unmarried child of a legalized alien), nor for waiver under 8 U.S.C. § 1182(d)(11) (waiver for lawful permanent residents of the United States). Ontiveros–Velasquez is ineligible for suspension of deportation, as she cannot establish good moral character during the seven years immediately preceding her application for suspension of deportation.

Ontiveros–Velasquez also argues that her eight-year residence in the United States prior to her act of smuggling should be considered a qualifying period under the stop-time rule. Under the plain language of the statute, continuous physical presence must be established for seven years immediately preceding the date of the application for suspension of deportation. *See* 8 U.S.C. § 1254(a)(1). The Order to Show Cause was served on Ontiveros–Velasquez on June 10, 1996, and filed in the Immigration Court on August 12, 1996, and she applied for suspension on

November 27, 1996. Accordingly, her 1991 admitted act of aiding and abetting alien smuggling fell within the seven-year period. Therefore, Ontiveros–Velasquez cannot establish eligibility for suspension of deportation.

**PETITION DENIED.**